UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIAUNA JACKSON,<br><br>               Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF SOUTH DAKOTA, *et al.*,<br><br>               Defendants. | 4:26-CIV-04060-CBK<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

Plaintiff filed Doc. 1, calling it "complaint for declaratory and injunctive relief and damages" with a jury demand. The document consists of 292 pages. In addition, eight exhibits are attached to the document which may or may not have ever been admitted as exhibits. It levels attacks of conspiracy, fraud and retaliation against Dean Fulton of the Knudson School of law at the University of South Dakota and other state employees at the law school. Plaintiff was apparently at one time a first year student at the law school who was discharged from the school based on a determination, at least initially, that she had lied on her application for admission. Plaintiff claims her discharge was driven by her posted on-line criticism of the Black History Month display at the school and other postings.

Plaintiff is a *pro se* litigant. I am well aware of a maxim of the law that pro se litigants should not be held to all the standards of licensed attorneys. *Pro se* litigants, however, do not have the right to grossly violate the Federal Rules of Civil Procedure. Here, plaintiff has done just that. Rule 8 deals with general rules of pleading. We know that a pleading that states a claim must contain "a short and plain statement of the grounds for the court's jurisdiction . . ." and "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Rule 8(d) requires that each allegation "must be simple, concise and direct." The document grossly violates those rules and the action should be dismissed without prejudice on those grounds alone.

In addition, the pleading has a great deal of what can only be called character assassinations, attempting even to go to another employment Dean Futon had in which illegal activity may have occurred by others with the suggestion that the Dean had something directly to

do with that activity. I presided over a case in which that activity was at least collaterally involved and there was never even a suggestion that Dean Fulton was involved in any way. It was a rogue employee of the State of South Dakota stealing federal funds. No judge would permit the plaintiff to, during a trial, make arguments and claims having nothing to do with the present case. But that is exactly what plaintiff is now attempting to place on the public record. Plaintiff is abusing the judicial process. When a litigant's conduct abuses the judicial process, as here, the remedy of dismissal is within the inherent powers of the court. Keefer v. Provident Life & Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) )(citing Chrysler Corp. v. Carey, 186 F. 3rd 1016, 1022 (8th Cir. 1999)). Likewise, when a litigant's conduct abuses the judicial process, the United States Supreme Court has recognized that dismissal of the lawsuit is within the inherent powers of the court. Pope v. Fed. Exp. Corp., 974 F.2d 982, 984 (8th Cir. 1992) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2133, ll5 L.Ed.2nd 27 (1991).

In connection with this case, I give some deference to what has long been called the Pullman Doctrine. In Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941), we learned that a federal court should consider abstention in state matters, including whether federal intervention would interfere with state procedures and policies in areas of special state interest.

As a general rule, federal courts have a "virtually unflagging obligation" to exercise jurisdiction in proper cases. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Despite such an obligation, federal courts may abstain from deciding a particular issue, the abstention springing from "traditional principles of equity, comity, and federalism." Alleghany Corp. v. McCartney, 898 F.2d 1138, 1142 (8th Cir. 1990). "The Pullman doctrine now exists in an 'extraordinary and narrow' form, Allegheny Cnty. v. Frank Mashuda Co., 360 U.S. 185, 188 (1959)." Hunter, et al. v. Page County, Iowa, et. al., 102 F. 4th 853, 873 (8th Cir. 2024). The interests of comity and federalism are at play here. The question is always a matter of the district court properly exercising its discretion.

I attended no institution of higher learning in South Dakota. I have had a large number of law clerks from USD, stemming largely from the fact that I have been a federal judge since 1995. In the interest of disclosure, I did receive in 2017 the coveted McKusick award for my service to the bench and bar but I understand the faculty have no connection to that award, the annual

2

recipient being selected by the student Bar Association at USD. I have no desire to micro-manage any institution of higher learning. Questions as to who should be admitted or retained as students are matters of intense state interest, especially at the state's only law school. I have jurisdiction in this case but I decline to exercise it under all the facts and alleged facts. This case should be dismissed, without prejudice.

Now, therefore, IT IS ORDERED, as follows:

1) This case is dismissed, without prejudice.

2) The motion (Doc. 5) to redact certain information is denied as moot.

Dated at Aberdeen, South Dakota, this 6th day of April, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3